# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | | |
|---|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>Information associated with the SUBJECT ACCOUNT belonging to D.C. at 7222 W. Nash Street, Milwaukee, WI, and MAC Address of 34:3E:A4:15:11:02 that is stored at premises owned, maintained, controlled, or operated by Ring, LLC, a company that is owned by Amazon.com, Inc. and headquartered in Santa Monica, California. | ) | Case No. 26-972M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ____________ District of ____________
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 8/10/2026 *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m. ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Honorable Nancy Joseph.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of ____________.

Date and time issued: 7/27/2026 @ 10:51 a.m.

Nancy Joseph
*Judge's signature*

City and state: Milwaukee, WI

Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: ____________________

________________________________________

*Executing officer's signature*

________________________________________

*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the SUBJECT ACCOUNT belonging to D.C. at 7222 W. Nash Street, Milwaukee, WI, and MAC Address of 34:3E:A4:15:11:02 that is stored at premises owned, maintained, controlled, or operated by Ring, LLC, a company that is owned by Amazon.com, Inc. and headquartered in Santa Monica, California.

# ATTACHMENT B

## Property to be seized

### I. Information to be disclosed by Ring, LLC

To the extent that the information described in Attachment A is within the possession, custody, or control of Ring, LLC, including videos, communications, records, files, logs, or information that have been deleted but are still available to Ring, LLC, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Ring, LLC is required to disclose the following information to the government:

a. All video and audio content and all logs and records associated with the content for the account from Tuesday, May 26, 2026, from 11:00 AM to 7:00 PM; Wednesday, May 27, 2026, from 9:00 AM to 12:00 PM; and Tuesday, June 2, 2026, from 8:00 AM to Wednesday, June 3, 2026, at 2:00 AM**.** including stored or preserved copies of such video and audio content;

b. All location data associated with the particular device or devices used to login to or access the account, including geotags from Tuesday, May 26, 2026, from 11:00 AM to 7:00 PM; Wednesday, May 27, 2026, from 9:00 AM to 12:00 PM; and Tuesday, June 2, 2026, from 8:00 AM to Wednesday, June 3, 2026, at 2:00 AM;

c. All data and information that has been/may have been deleted by the user from Tuesday, May 26, 2026, from 11:00 AM to 7:00 PM; Wednesday, May 27, 2026, from 9:00 AM to 12:00 PM; and Tuesday, June 2, 2026, from 8:00 AM to Wednesday, June 3, 2026, at 2:00 AM.

d. All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), phone numbers, payment and billing information, including billing address and payment card details, and other personal identifiers;

Ring is hereby ordered to disclose the above information to the government within **14 days** of issuance of this warrant.

## II. Information to be seized by the government

All information described above in Section I that, evidence of violations of arson in violation of 18 U.S.C. § 844(h), those violations involving Kevin RAYMOND and "T" and occurring after May 26, 2026, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

a. Audio and video of the RAYMOND and "T" interactions with Y.M.C. on May 26, 2026, to include gas being poured on the Chevy Silverado and RAYMOND asking for money.

b. Audio and video of RAYMOND showing up to the victim's residence on May 27, 2026, and June 2, 2026.

c. Audio and video of the events leading up the arson, the arson itself and the events right after the arson that occurred on June 3, 2026.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Information associated with the SUBJECT ACCOUNT belonging to D.C. at 7222 W. Nash Street, Milwaukee, WI, and MAC Address of 34:3E:A4:15:11:02 that is stored at premises owned, maintained, controlled, or operated by Ring, LLC, a company that is owned by Amazon.com, Inc. and headquartered in Santa Monica, California.

Case No. 26-972M(NJ)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the ______________ District of ____________________, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❒ contraband, fruits of crime, or other items illegally possessed;

❒ property designed for use, intended for use, or used in committing a crime;

❒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §844(h) | Arson in Furtherance of a Felony |

The application is based on these facts:

Please see Affidavit.

☑ Continued on the attached sheet.

❒ Delayed notice of _____ days *(give exact ending date if more than 30 days:* __________ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Matthew Bammert Digitally signed by Matthew Bammert Date: 2026.07.22 12:19:05 -05'00'

*Applicant's signature*

Matthew Bammert, Special Agent-ATF

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: 7/27/2026

Nancy Joseph

*Judge's signature*

City and state: Milwaukee, WI

Honorable Nancy Joseph, U.S. Magistrate Judge

*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Matthew Bammert, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, being first duly sworn, hereby depose and state as follows:

## Introduction and Agent Background

1. I make this affidavit in support of an application for a search warrant for information associated with D.C. at 7222 W. Nash Street, Milwaukee, WI, and MAC Address of 34:3E:A4:15:11:02 that is stored at premises owned, maintained, controlled, or operated by Ring, LLC, ("Ring") a home security products company owned by Amazon.com, Inc. and headquartered in Santa Monica, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A), to require Ring to disclose to the government records and other information in its possession, including video and audio content, pertaining with D.C. at 7222 W. Nash Street, Milwaukee, WI, and MAC Address of 34:3E:A4:15:11:02

2. I am a Special Agent of the United States Justice Department, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), currently assigned to the Milwaukee Field Office. I have been employed since December 2023. Prior to ATF I was employed as a Police Office for the United States Secret Service Uniform Division for approximately 5 years. I also have a Bachelor of Science Degree in Policial Science Pre Law from Northern Michigan University.

3. Through my law enforcement career, I have attended 4 separate training academies. For ATF I have completed approximately 26 weeks of training at the Federal Law Enforcement Training Center (Glynco, Georgia) and ATF's National Academy. The training

included courses on constitutional law such as search and seizure, and conducting investigations through searches, arrests, interviews, surveillance, and evidence collection. The training also included firearms trafficking, drug trafficking, firearms recognition, arson and explosives investigation. It covered an in depth break down of the requirements to possess, manufacture, deal, sell, and transfer National Firearms Act ("NFA") weapons and requirements for selling, dealing, and manufacturing firearms.

4. Over the course of my career, I have investigated federal firearms violations to include the trafficking, manufacturing and illegal possession of firearms. I have also investigated federal arson violations. I know from my training and experience that doorbell cameras, to include Rings cameras, can capture evidence of crimes prior to the crime being committed, while it is being committed and after the crime has been committed.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that a violation of arson in furtherance of a felony (drug trafficking) in violation of 18 U.S.C. § 844(h) have been committed by Kevin RAYMOND and other co-conspirators. There is also probable cause to search the information described in Attachment A for evidence of these crimes further described in Attachment B.

## JURISDICTION

7. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), &

(c)(1)(A). Specifically, the Court is "a district court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

**Probable Cause**

8. On June 3, 2026, police officers with the Milwaukee Police Department (MPD) began investigating a fire of a 2000 Chevy Silverado that occurred at XXX4 W. Nash Street, Milwaukee, WI 53216, at approximately 0100 hours on June 3, 2026. The Chevy Silverado has a Wisconsin license plate of WK5008 and is registered to the victim J.C. at XXX4 W. Nash Street, Milwaukee, WI 53216. Through the investigation the cause of the fire was classified as incendiary by the Milwaukee Police Department and that an ignitable was used, poured in the area of the origin of the fire and then an open flame ignition source was introduced. The fire caused significant damage to the hood, engine and engine compartment, both front tires and fenders, windshield and interior dashboard.

9. On June 3, 2026, detectives with MPD conducted an interview with Y.M.C., the wife of the victim. She explained to detectives that on Memorial Day of 2026 an individual she knows as "Codeine" and an unknown black male showed up to her residence looking for her husband. She explained that they had a container of gas and began pouring it on the Chevy Silverado. She explained she pleaded with "Codeine" not to set the vehicle on fire, and they ended up leaving and not setting it on fire. She further explained that on June 2, 2026, "Codeine" came to her house looking for her husband and stated that her husband owed "Codeine" $450. She also explained she did not see anyone set fire to or be by the Chevy Silverado while it was on fire on the day of the arson however she suspects that it was "Codeine" because her husband has a drug problem and he has been threated in the past by "Codeine" who she knows as a drug dealer. Y.M.C. provided a description of "Codeine" as a B/M, approximately, 6ft tall, heavy

build, facial hair, bald, and a gap between his two front teeth. She also explained that the last time she saw him he was driving a dark blue or black SUV.

10. A law enforcement database search for “Codeine” showed that a Kevin RAYMOND has the alias of “Codeine”. It also shows that he has a prior arrest for maintaining a drug trafficking place and an address of XXXX W. Beckett Avenue, Milwaukee, WI. The descriptions of “Codeine” provided by Y.M.C. are similar the identifiers of RAYMOND from his driver’s license and photo.

11. On June 9, 2026, agents with the Bureau of Alcohol, Tobacco, Firearms, Explosives (ATF) conducted an interview with J.C. and Y.M.C. J.C. explained that he was not home at the time of the arson however he believed it was an individual named “Codeine” who committed the arson. J.C. explained he met “Codeine” around the BP Gas Station at 7311 W. Capitol Drive, Milwaukee, WI, about 7 months to a year ago. He explained that “Codeine” lives around the alley from that same BP Gas Station.

12. RAYMOND’s address of XXXX W. Beckett Avenue is a block south of the BP Gas Station and the alleyway of RAYMOND’s residence leads to the BP Gas Station. Agents showed J.C. a driver’s license photo of RAYMOND and J.C. confirmed that RAYMOND is “Codeine.”

13. J.C. further explained that he has purchased crack cocaine from RAYMOND about 7-8 times and that he owed RAYMOND $500 for crack cocaine. J.C. also explained that if RAYMOND gave him another day, referring to another day to pay instead of the arson happening, J.C. would have given RAYMOND his money.

14. Y.M.C. explained to agents that, regarding the Memorial Day incident she described to MPD detectives, RAYMOND was the one who had a gas can and lighter with him.

She asked RAYMOND what he was doing with the gas can near the Chevy Silverado and explained that RAYMOND said J.C. owed him four hundred and something dollars. Y.M.C. further explained that after RAYMOND and the unknown individual left, RAYMOND came back a few minutes later by himself with the gas can and a cigarette asking for J.C. while standing near the Chevy Silverado.

15. On June 16, 2026, agents with ATF conducted follow up interviews with J.C. and Y.M.C. and collected photos and videos from their doorbell camera. Their doorbell camera captured RAYMOND and the unknown male coming and going multiple times on Tuesday, May 26, 2026, between the hours of 11:00 AM and 7:00 PM. J.C. explained that he knows this unknown male as "T." He knows "T" through RAYMOND because "T" is a customer of RAYMOND. Customer means that "T" buys controlled substances from RAYMOND. The doorbell camera also captured RAYMOND coming to their residence on Wednesday, May 27, 2026, between the hours of 9:00 AM and 12:00 PM. Agents confirmed with Y.M.C. that the events captured on the doorbell camera on Tuesday the 26th were the events she described occurring on Memorial Day.

16. On June 16, 2026, agents with ATF conducted an interview with the victim's neighbor at 7222 W. Nash Street, Milwaukee, WI 53216. The neighbor explained that their Ring doorbell camera [SUBJECT ACCOUNT] captured video from the events that occurred between RAYMOND and Y.M.C. on May 26, 2026, and the arson of the truck that occurred on June 3, 2026. The neighbor explained that they observed an individual dressed in all black with a black hoodie pouring gas onto the truck during the incident on May 26th. The neighbor explained that their Ring camera recorded a vehicle while the Chevy Silverado was on fire. This is pictured below. The neighbor further explained that the vehicle captured on their Ring camera during the

arson is the same vehicle the neighbor observed parked outside of XXX4 W. Nash Street on May 26th when RAYMOND was confronting Y.M.C. The neighbor further explained that when the fire occurred, they heard a loud boom and when he looked outside his front window it was completely orange and bright. The neighbor also stated they stopped using his Ring camera not long after the arson and provided the MAC address for the device which is 34:3E:A4:15:11:02.




**Information about Ring**

17. From my review of publicly available information provided by Ring about its services, including Ring's "Privacy Policy" and "Terms of Service," I am aware of the following about Ring and about the information collected and retained by Ring:

a. Ring sells products and services designed to see, hear, and speak to anyone at the customer's door from the customer's computer or mobile device.

b. Ring obtains content captured and recorded when using Ring's products and services, such as video or audio recordings, live video or audio streams, images,

comments, and data Ring's products collect from the surrounding environment to perform their functions (such as motion, events, temperature, and ambient light).

c. Ring generally has access to videos only if the user has a current Ring Protect plan subscription. If users choose to subscribe to a Ring Protect Subscription Plan, the customer device automatically sends to Ring for storage any video footage and/or audio recordings captured by Ring products installed by the customer.

d. Even if a user does not have a Ring Protect Subscription plan, Ring devices will automatically record during an answered motion or ring, but those recordings are not retained unless the user shares them through the Ring Neighbors feature. The Ring Neighbors feature allows the customer to publicly share any video footage and/or audio recording captured by Ring devices with other users through the Ring application. If shared, Ring Neighbors Recordings are retained regardless of customer participation in Ring Protect.

e. Videos are generally retained for no longer than 60 days. For legacy users, video could be retained up to 180 days. At any time during the retention period, a user may delete a video.

f. Ring asks customers to provide personal information in connection with Ring's products and services. This may include: contact information, such as name, phone number, email, and postal address; account information, such as online password and other log-in details used to access Ring's products and services.

g. Ring obtains payment information, such as name, billing address and payment card details, including card number, expiration date and security code. Payment information is collected and stored by a third-party payment processor on Ring's behalf; Ring only stores the last four digits of the customer's payment card and the expiration date.

h. Ring also obtains the geolocation of customers' mobile devices if such customers consent to the collection of this data.

i. Ring also obtains product setup information, including the name and description of the Ring product and location where it is installed, technical information about the product, including Wi-Fi network information and signal strength, and information about the device's model, serial number, and software version.

j. Ring also obtains social media handles, content, and other data posted on Ring's official social media page and other personal information contained in content Ring users submit through Ring's "Contact Us" feature or customer support tools on Ring's website or mobile application.

18. On May 23, 2026, I served Ring with a preservation request pursuant to 18 U.S.C. § 2703(f), requiring Ring to preserve all information associated with the SUBJECT ACCOUNT.

**Connection of Ring to the Investigation**

19. As explained herein, information stored in connection with a Ring account may provide evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, captured video and audio contents, images, comments, and other data collected by Ring products

about the surrounding environment can be evidence of who was present at a particular physical location at a relevant time. This geographic and timeline information may tend to either inculpate or exculpate those connected to the crime.

20. Based on the information above, Ring's servers are likely to contain the types of material described above, including stored video and audio content and information concerning the use of Ring products and services of the SUBJECT ACCOUNT belonging to D.C. at 7222 W. Nash Street, Milwaukee, WI, and MAC Address of 34:3E:A4:15:11:02. In my training and experience, such information may constitute evidence of the crimes under investigation including audio and video of RAYMOND and "T" coming to the victim's residence on May 27, 2026, RAYMOND coming to the victim's residence on May 28, 2026, and June 2, 2026, and the events leading up to the arson and the arson that occurred on June 3, 2026.

**Information To Be Searched And Things To Be Seized**

21. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular Title 18, United States Code, Sections 2703(a), (b)(1)(A), and (c)(1)(A), by using the warrant to require Ring to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

**Conclusion**

22. Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence of violation a of 18 U.S.C. § 844(h) may be located in the information described in Attachment A.

23. Based on the forgoing, I request that the Court issue the proposed search warrant.

24. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving it on Ring. Because the warrant will be served on Ring, who will then compile the requested records at a time convenient to it, and then reviewed by government-authorized persons, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

## ATTACHMENT A

**Property to Be Searched**

This warrant applies to information associated with the SUBJECT ACCOUNT belonging to D.C. at 7222 W. Nash Street, Milwaukee, WI, and MAC Address of 34:3E:A4:15:11:02 that is stored at premises owned, maintained, controlled, or operated by Ring, LLC, a company that is owned by Amazon.com, Inc. and headquartered in Santa Monica, California.

## ATTACHMENT B

**Property to be seized**

**I. Information to be disclosed by Ring, LLC**

To the extent that the information described in Attachment A is within the possession, custody, or control of Ring, LLC, including videos, communications, records, files, logs, or information that have been deleted but are still available to Ring, LLC, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Ring, LLC is required to disclose the following information to the government:

a. All video and audio content and all logs and records associated with the content for the account from Tuesday, May 26, 2026, from 11:00 AM to 7:00 PM; Wednesday, May 27, 2026, from 9:00 AM to 12:00 PM; and Tuesday, June 2, 2026, from 8:00 AM to Wednesday, June 3, 2026, at 2:00 AM**.** including stored or preserved copies of such video and audio content;

b. All location data associated with the particular device or devices used to login to or access the account, including geotags from Tuesday, May 26, 2026, from 11:00 AM to 7:00 PM; Wednesday, May 27, 2026, from 9:00 AM to 12:00 PM; and Tuesday, June 2, 2026, from 8:00 AM to Wednesday, June 3, 2026, at 2:00 AM;

c. All data and information that has been/may have been deleted by the user from Tuesday, May 26, 2026, from 11:00 AM to 7:00 PM; Wednesday, May 27, 2026, from 9:00 AM to 12:00 PM; and Tuesday, June 2, 2026, from 8:00 AM to Wednesday, June 3, 2026, at 2:00 AM.

d. All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), phone numbers, payment and billing information, including billing address and payment card details, and other personal identifiers;

Ring is hereby ordered to disclose the above information to the government within **14 days** of issuance of this warrant.

## II. Information to be seized by the government

All information described above in Section I that, evidence of violations of arson in violation of 18 U.S.C. § 844(h), those violations involving Kevin RAYMOND and "T" and occurring after May 26, 2026, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

a. Audio and video of the RAYMOND and "T" interactions with Y.M.C. on May 26, 2026, to include gas being poured on the Chevy Silverado and RAYMOND asking for money.

b. Audio and video of RAYMOND showing up to the victim's residence on May 27, 2026, and June 2, 2026.

c. Audio and video of the events leading up the arson, the arson itself and the events right after the arson that occurred on June 3, 2026.

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)**

I, _________________________________, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by Ring, LLC, and my title is _____________________________. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of Ring, LLC. The attached records consist of ______________ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**. I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Ring, LLC, and they were made by Ring, LLC as a regular practice; and

b. such records were generated by Ring, LLC's electronic process or system that produces an accurate result, to wit:

1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Ring, LLC in a manner to ensure that they are true duplicates of the original records; and

2. the process or system is regularly verified by Ring, LLC, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

| | |
|---|---|
| Date | Signature |